## J. HOLLAND & SONS, INC. ET AL. *v.* ETTLE-MAN ET AL.

[No. 238, September Term, 1960.]

*Decided April 6, 1961.*

The cause was submitted to BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

Submitted on brief by *Everngam & Tomes, G. Gregg Everngam* and *James F. Tomes,* for appellants.

No brief and no appearance for appellee.

PER CURIAM.

The question presented in this case is whether a vendor under a conditional contract of sale, duly executed and recorded in Prince George's County, can prevail against a distraining landlord of the vendee. The contract was entered into on September 30, 1958, and certain engraving equipment covered thereby was delivered to the vendee. The vendee being in default, the appellant filed a replevin suit on October 28, 1959, but on September 4, 1959, the landlord had filed a distraint for rent in arrears, and the sheriff on the same day seized the equipment. On November 9, 1959, the sheriff turned over the equipment to the appellant under the replevin suit, in which bond had been furnished, and on December 1, 1959, the landlord filed as third party plaintiff against the surety on said bond. The trial court entered a judgment for the third party plaintiff, and the vendor and his surety appeal here.

The appellant contends that it is protected by the terms of Code (1957), Art. 21, sec. 66, which in broad terms protects the rights of conditional vendors. The difficulty is however, that Code (1957), Art. 53, sec. 18, expressly protects the rights of conditional vendors under Art. 21, sec. 66, against a landlord's distraint, but the proviso contains the language "except in Prince George's County". The cases make it clear that a distraining landlord may seize and sell any and all chattels not exempt under a statute, found upon demised premises, for payment of rent, whether they belong to others or not. *Wilhem v. Boyd,* 172 Md. 79; *Mears v. Perine,* 156 Md. 56, 62, and cases cited. We must read the two statutes together. We cannot assume that the whole proviso was unnecessary. The exception as to Prince George's County subordinates the rights of conditional vendors there to a landlord's distraint. We find no merit in the appellants' contention that the language of Art. 53, sec. 18, just prior to the

proviso, which contains an exemption in the case of distraint for ground rent, in any way limits the effect of the proviso, which refers to a distraint "upon any goods, chattels or other personal property on the premises not exempt under this section".

*Judgment affirmed, with costs.*